## San Antonio National Bank v. H. H. McLane.

### No. 1139. Decided November 13, 1902.

**1.—Judgment—Correction—Mutual Mistake—Carelessness of Complaining Party.**

One whose mistake in setting out in his pleadings the description of land on which foreclosure is sought has misled the other party into the same error can not be heard to deny the latter's right to have the mistake corrected in an action for that purpose on the ground that it was due to complainant's own negligence. (Pp. 54-56.)

**2.—Same—Limitation.**

A suit to correct a mistake in a judgment was not barred by limitation when brought within four years from the date of judgment. Rev. Stats., art. 3358. (P. 54.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The bank sued McLane and Mackey and recovered judgment from which McLane alone appealed. The judgment being reversed and rendered for appellant, appellee obtained writ of error.

*C. L. Bates* and *Denman, Franklin & McGown*, for plaintiff in error.—Both the trial court and the Court of Civil Appeals having found as

facts from the evidence that the payment of the two notes owned by the plaintiff bank and the six notes owned by defendant McLane, executed by Nelson Mackey, deceased, was secured by vendor's lien on the real estate described in the petition of the plaintiff bank in this suit, and that by the mutual mistake of the parties to said former suit, No. 3297, the decree therein wholly failed to foreclose said lien on said real estate, but ordered a foreclosure thereof on other and different real estate not subject to said lien; and this suit having been filed within four years from the date of the decree in the former suit to correct the decree therein and to foreclose said lien of plaintiff bank and defendant McLane on the proper real estate, and the defendant Mackey, executrix, having admitted in her answer the above facts and the right of plaintiff bank to the relief prayed for, the defendant McLane, not having pleaded nor proved a sale under the former decree nor any other change in the position of the parties thereto in relation to said property operating as an estoppel upon plaintiff to maintain this suit, could not object to such relief, and the bank was entitled to a decree correcting the decree in the former suit and foreclosing said vendor's lien upon the real estate described in its petition in this suit; and therefore the Court of Civil Appeals should have affirmed the decree of the District Court granting the relief prayed in this suit. Faubion v. Rogers, 66 Texas, 472; Hinzie v. Kempner, 82 Texas, 621; Whitaker v. Lumber Co., 86 Texas, 682.

The defendant McLane not standing in privity with the estate of Nelson Mackey, deceased, and plaintiff bank and defendant McLane not having been adversary parties in the former suit, no issue being made in the pleadings between them, but their interests in said former suit being in harmony and both being plaintiffs therein seeking a foreclosure of their lien against defendant Mackey, the decree in the former suit determined nothing between them, and defendant McLane can not plead said former decree in bar of this suit. Railway v. Railway, 83 Texas, 517; Sandoval v. Rosser, 26 S. W. Rep., 930-932; McMahan v. Geiger, 73 Mo., 145; Montgomery v. Road, 8 Pac. Rep., 253; Buffington v. Cook, 35 Ala., 312; Freem. on Judg., sec., 158; Black on Judg., sec. 599.

McLane was made a defendant to this suit not for the purpose of litigating an adverse title, nor for the purpose of making defenses on behalf of the estate of Nelson Mackey, but because he had a lien coequal with plaintiff, and because he was a party to the former suit, the decree in which is sought to be corrected by this suit. But McLane having neither pleaded nor proved any matter of estoppel, nor that he has acquired any interest in the property involved herein from the plaintiff bank nor from Nelson Mackey since the lien of the bank accrued, nor shown any title in himself to said land from any source, he can not plead laches, nor limitation, nor negligence, nor former adjudication, nor any other defense, in bar of plaintiff's right to a foreclosure of its lien on the property against the estate of Mackey. Faubion v. Rogers, 66 Texas, 472; Pelton v. Farmin, 18 Wis., 234; Croghan v.

96 Supreme—4.

Spence, 53 Cal., 15; Gage v. Perry, 93 Ill., 179; Eagle Fire Co. v. Lent, 6 Paige Chan., 637.

It being undisputed that plaintiff bank was entitled to a foreclosure of its vendor's lien against the estate of Nelson Mackey, deceased, upon the real estate described in its petition in this suit, and the defendant McLane having neither pleaded nor proved any matter which as to him would estop the bank from foreclosing its lien on said real estate, the bank was entitled to a decree in this suit correcting the decree in the former suit to the extent at least of the bank's interest and the foreclosure of its lien on the real estate described in its petition in this suit, whether said former decree was corrected as to the interest of defendant McLane or not. And the Court of Civil Appeals should have reversed the decree of the District Court and rendered a decree correcting the former decree so far as it affects the interests of the plaintiff bank, and foreclosed its lien on the real estate described in its petition in this suit.

Showing McLane could not object to foreclosure: Faubion v. Rogers, 66 Texas, 472; Hinzie v. Kemper, 82 Texas, 621; Whitaker v. Lumber Co., 46 S. W. Rep., 263. Showing former decree can not be pleaded in bar by McLane: Railway v. Railway, 83 Texas, 517; Sandoval v. Russell, 26 S. W. Rep., 930-932; McMahan v. Geiger, 73 Mo., 145; Montgomery v. Roads, 8 Pac. Rep., 253; Buffington v. Cook, 35 Ala., 312; Freem. on Judg., sec. 158; Black on Judg., sec. 599.

It having been found from the evidence by both the trial court and the Court of Civil Appeals that the payment of the two notes owned by plaintiff bank was secured by a vendor's lien on the real estate described in plaintiff's petition in this suit, and that by mutual mistake of the parties to the former suit the decree therein failed to foreclose the lien on said real estate, but ordered a foreclosure thereof on other lands not subject to said lien, and it being undisputed and so found by both of said courts that this suit was filed within four years from the date of rendition of said former decree, and no matter of estoppel having been pleaded or proved by defendant McLane, and defendant Mackey, executrix, having in her answer admitted the above facts and the right of plaintiff to the relief sought by it, this suit is not barred by limitation nor laches, and the plaintiff is entitled to the relief sought. Rev. Stats., art. 3358; Rev. Stats., art. 1356; Cetti v. Dunman, 64 S. W. Rep., 787; Heidenheimer v. Loring, 6 Texas Civ. App., 570.

Laches is an affirmative defense—a special plea in bar by way of confession and avoidance—which must be specially pleaded; and the defendant McLane having failed to plead in his answer that plaintiff bank was guilty of laches in not discovering the mistake in the description of the land in the pleadings and decree in the former suit at any time prior to the institution of this suit, he, McLane, could not raise any such question in the Court of Civil Appeals, nor could said Court of Civil Appeals suo sponte consider any such defense on behalf of McLane. Sayles' Texas Pleading, secs. 450, 476; Dewit v. Miller, 9 Texas, 246; Vardeman v. Lawson, 17 Texas, 17; Rivers v. Washington, 34 Texas, 275;

Howe v. Rogers, 32 Texas, 224; Bullock v. Smith, 72 Texas, 549; Hensel v. Kegans, 79 Texas, 347; Smith v. Perkins, 81 Texas, 152; Walet v. Haskins, 68 Texas, 418; Hall v. Fullerton, 69 Ill., 451; Walker v. Denison, 86 Ill., 142; Beach v. Shaw, 57 Ill., 17; Trustees v. Wright, 12 Ill., 432; Humphreys v. Butler, 51 Ark., 351; O'Halloran v. Fitzgerald, 71 Ill., 53.

The defendant McLane having failed to plead and urge the defense of laches in the lower court, such defense is thereby waived, and can not be asserted on appeal. It would be a fraud upon the plaintiff bank to allow defendant McLane to assert laches in the appellate court after having failed to plead and urge it in the court below. O'Halloran v. Fitzgerald, 71 Ill., 53; Darst v. Murphy, 119 Ill., 343; Dawson v. Vickery, 150 Ill., 398; Humphreys v. Butler, 51 Ark., 351.

In this State, all defenses to actions based on the lapse of time are controlled by statute, and the courts can not hold that any action is defeated by lapse of time unless the same is barred by some positive statute of limitations, and this suit having been brought within four years from the date of the rendition of the decree in the former suit, it can not be defeated by lapse of time. McCampbell v. Durst, 40 S. W. Rep., 318; Rev. Stats., art. 3358; Cetti v. Dunman, 64 S. W. Rep., 787.

The former suit having been instituted by the plaintiff bank for a pecuniary judgment on its notes against Nelson Mackey, and McLane having intervened in that suit and converted it into a suit to foreclose the vendor's liens held by him and the bank, and having in his petition of intervention misdescribed the land on which the lien existed, and having thereby misled the bank in a misdescription of the land, and in this manner caused the error in the former decree, he, McLane, was guilty of a fraud practiced on the plaintiff bank, and can not now be heard to say that plaintiff bank was guilty of negligence in not sooner discovering the mistake. The attorneys of the bank were misled as to the description of the land by the representations of McLane's attorneys, and the attorneys of the bank were thereby caused to relax the diligence which might otherwise have been expected of them, and such relaxation can not be urged as a reason for denying the relief sought in this suit. Payton v. McQuown, 53 Am. St. Rep., 451, and note; Freem. on Judg., sec. 492; California Co. v. Porter, 68 Cal., 369; Stone v. Lewman, 28 Ind., 97; Johnson v. Unversaw, 30 Ind., 435; Mealis v. Dicks, 72 Ind., 374; Baker v. Redd, 44 Iowa, 179; Broaddus v. Broaddus, 3 Dana, 536; Kent v. Richards, 3 Md. Ch., 392; Neuman v. Meek, Sm. & Mar. Chan. (Miss.), 331; Keeler v. Elston, 22 Neb., 310; Cadwallader v. McClay, 37 Neb., 359; Holland v. Trotter, 22 Gratt., 136; Dandridge v. Harris, 1 Wash. (Va.), 326, same case, 1 Am. Dec., 465.

To establish the fraud of McLane's attorney in misleading the attorneys of the bank as to the description of the land, direct and positive evidence is not required; the fact is sufficiently established by circumstantial evidence. Rea v. Missouri, 17 Wall., 532; Castle v. Bullard, 23 How., 172; Kempner v. Churchill, 8 Wall., 362.

The District Court and the Court of Civil Appeals having found as facts from the evidence that appellee's notes are a lien on the real estate upon which a foreclosure is sought in this suit, and that by mutual mistake a foreclosure was ordered on the wrong property in the decree in the former suit, and that the error in the former decree was the result of a mutual mistake of the parties thereto, and the undisputed evidence in the case showing that the misdescription in the land in the former decree was caused by the fraud of appellant McLane and his attorney, and not by the fault or negligence of appellee, and defendant Mackey, executrix, having admitted in her answer the above facts and the right of appellee to the relief prayed for, and nothing having been alleged or proved to estop appellee from maintaining its suit, the appellee is, as matter of law, entitled to a decree giving it the relief prayed for. Payton v. McQuown, 53 Am. St. Rep., 451 and note; Freem. on Judg., sec. 492; California Co. v. Porter, 68 Cal., 369; Stone v. Newman, 28 Ind., 97; Johnson v. Unvershaw, 30 Ind., 435; Baker v. Redd, 44 Iowa, 179; Broaddus v. Broaddus, 3 Dana, 536; Kent v. Richards, 3 Md. Ch., 392; Neuman v. Meek, Sm. & Mar. Chan. (Miss.), 331; Keller v. Elston, 22 Neb., 310; Cadwallader v. McClay, 37 Neb., 359; Holland v. Trotter, 22 Gratt., 136; Dandridge v. Harris, 1 Wash. (Va.), 326.

*James Raley,* for defendant in error.—A suit to set aside a judgment or to reform or correct it is barred in two years after judgment is entered. 6 Texas Civ. App., 350, 570; 54 Texas, 220; 57 Texas, 532; 84 Texas, 625.

The general statute of limitations does not apply to bills of review or to set aside or correct a judgment. 6 Texas Civ. App., 352; 54 Texas, 225.

A party can not have an erroneous or fraudulent judgment corrected when the mistake was caused by his own negligence. The law rewards the diligent, not the negligent. 82 Texas, 448-457; 65 Texas, 90-93; 82 Texas, 623; 50 Texas, 630; 45 Texas, 17; 90 Texas, 506; 24 Texas, 353; 45 Texas, 10; Black. on Judg., secs. 366, 387; 2 Pom. Eq., sec. 836; Tillman v. Peoples, 3 Texas Ct. Rep., 969-974; 21 Texas, 737; 77 Texas, 254.

A solemn judgment duly rendered will not be set aside except on clear evidence of fraud or mistake. 82 Texas, 622.

The bank will not be allowed to say, "I relied on Raley's description which he got from Captain Mackey, but it now turns out that a recorded deed proves this description wrong," for the bank knew of this evidence at the time of the trial in June, 1898. Let it be remembered that the bank and McLane were not adversaries in that case, but partners; and the record shows that nothing has been discovered since then that the bank did not have notice of at the time. The record of the deed is notice, and the decrees. Hudson v. Wheeler, 34 Texas, 367; Parish v. Alston, 65 Texas, 198; Carlisle v. Hart, 27 Texas, 350; Connolly v. Hammond, 51 Texas, 635-647.

The district court made no finding on the negligence of plaintiff at all, but only found that there was a mutual mistake. But the Court of Civil Appeals is very emphatic in its finding that plaintiff was negligent in not ascertaining the proper description of the land before the decree was rendered and after, in time to make its motion. Under well settled rules of law and practice this finding is just as conclusive on this court as if this question had been submitted to a jury and the jury had said, "We find the plaintiff was negligent, and by the exercise of ordinary care it could have discovered what was the correct description of the land."

BROWN, ASSOCIATE JUSTICE.—This suit was instituted on the 31st day of December, 1900, by the plaintiff in error against H. H. McLane and Mary J. Mackey, in the District Court of the Forty-fifth Judicial District of Bexar County. The plaintiff's petition alleged, in substance, that it was the owner and holder of two promissory notes executed by Nelson Mackey, each for $2500, which were due and unpaid; that the said Mackey had departed this life; that Mary J. Mackey was independent executrix of his last will; and asked judgment against Mrs. Mackey as executrix for the notes. The petition alleged that the two notes sued on were given as part of the purchase money of the lands described in the petition, and that H. H. McLane claimed some interest in the said property; he was therefore made party defendant to the suit. The petition prayed for foreclosure of the lien of the notes upon the land described in the petition.

From the conclusions of fact found by the court and from the undisputed evidence in the case, we make the following statement of the facts:

On the 28th day of December, 1892, J. S. and A. A. Alexander conveyed to Nelson Mackey their undivided interest in certain lands situated in the city of San Antonio and received from the said Mackey eight promisory notes of $2500 each, payable to J. S. Alexander, the vendor's lien being reserved in the said notes to secure the payment of the same. On October 10, 1894, the lands in question were partitioned between the tenants in common and two parcels were allotted to Nelson Mackey, one on account of a right he had in the lands before the purchase from the Alexanders, and the other parcel being allotted to him by virtue of his purchase from the said Alexanders. The San Antonio National Bank acquired two of the notes from J. H. Alexander, each being for the sum of $2500, and on the 18th of January, 1896, the bank instituted suit upon the said notes against Nelson Mackey, seeking to recover against him a personal judgment, not claiming a foreclosure of the lien of said notes. On January 26, 1896, H. H. McLane being the owner of six of the purchase money notes made by Mackey to Alexander, each for $2500, filed his petition for intervention in the suit of the San Antonio National Bank against Mackey, in which McLane alleged that the notes held by him were given for a part of the purchase money of the

lands described in his petition for intervention, and prayed for foreclosure of his notes upon the land and also for foreclosure of the notes held by the San Antonio National Bank. The bank amended its petition, made McLane and all of the lienholders upon the land parties defendant, set up that the notes sued by it were part of the purchase money of the land, and that the notes claimed by McLane were also for part of the purchase money on the said land, and asked that the lien of the notes belonging to the bank as well as to McLane be foreclosed upon the said land and that the proceeds of the sale be distributed according to their several rights. The bank adopted the description which McLane set out in his petition for intervention as being the description of the land for the purchase money of which the notes were given. The attorney of the bank relied upon McLane's petition for a description, and in doing so made a mistake in the description of the land in this, that the land described in McLane's petition was by mistake the land which had been set apart to Mackey in his right which existed before his purchase from the Alexanders instead of the land which had been set apart to him in virtue of that purchase and for which the notes were given. It was a mutual mistake on the part of McLane's attorney and the attorney of the bank. Judgment was rendered in favor of the bank and McLane each for the notes held against Mackey and a decree was entered foreclosing the lien of all the notes upon the land as described in the petition, and the land ordered to be sold and the proceeds distributed in proportion to the amount of the notes held by each. The mistake was not discovered until about the 31st day of December, 1900, when the San Antonio National Bank instituted this suit as before stated. The trial was had before the judge of the District Court without a jury, who rendered judgment correcting the mistake in the former decree and foreclosing the lien of the San Antonio National Bank upon the land described in its petition, which was the land for the purchase money of which the said notes were executed.

Mrs. Mackey acknowledged the right of the bank to have the correction made and the foreclosure of its lien, but McLane resisted the foreclosure and the correction of the lien and appealed from the judgment of the District Court to the Court of Civil Appeals, which court reversed the judgment of the District Court and entered judgment in favor of McLane against the bank. The Court of Civil Appeals having correctly held that this action was not barred by the statute of limitation, it is unnecessary for us to discuss that question.

It is contended by the defendants in error that it appears from the evidence that the plaintiff was himself negligent in procuring the judgment sought to be corrected, by failing to take the necessary steps to discover the error in the description of the land before the judgment was entered, and by further failing to inquire into the matter during the term of the court at which judgment was rendered, wherefore relief will not be granted by a court of equity. The Court of Civil Appeals sustained this contention. Applied to the facts, the proposition is, not-

withstanding McLane led the plaintiff in error into making an erroneous description of the land sought to be condemned, he may now take advantage of that error to the detriment of the plaintiff in error, saying, "Because you trusted me and did not investigate for yourself, I will hold the advantage which I have gained thereby and you must suffer the loss." That is indeed a strange proposition in a court of equity. Law and equity alike consist of rules for determining the rights of parties, regarding them as fallible beings, and it can not be said that one who has made a mistake in the conduct of his affairs from which no injury has resulted to another, will be denied the aid of a court of equity to correct a mistake as to one who participated in it. The doctrine of "mutual mistake" necessarily involves the proposition that one man may confide in the honor and integrity of another and act upon his representations without putting every act and word to the test of careful scrutiny. Mr. Pomeroy, in his work on Equity Jurisprudence, volume 2, section 856, expresses the doctrine in this language: "As a second requisite, it has sometimes been said in very general terms that a mistake resulting from the complaining party's own negligence will never be relieved. This proposition is not sustained by the authorities. It would be more accurate to say that where the mistake is wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of legal duty, a court of equity will not interpose its relief; but even with this more guarded mode of statement, each instance of negligence must depend to a great extent upon its own circustances." The text is well sustained by authority and has been approved by this court in the following cases: Kelley v. Ward, 94 Texas, 289; Bank v. Bank, 45 Texas, 203; Alston v. Richardson, 51 Texas, 6.

Kelley v. Ward, above cited, is similar to this case, in that an agreement was prepared by the attorney of one party and submitted to an attorney for the other party, who read it, after which both parties signed it and judgment was entered in accordance therewith. The case was taken to the Court of Civil Appeals, where it was affirmed, and upon writ of error to this court was affirmed. Thereafter an original suit was brought to set aside that judgment upon the ground that the agreement upon which the judgment was rendered was entered into by mutual mistake of the attorneys and parties, and did not fairly represent the agreement actually made. Objection was made that the attorney for the complaining party was negligent in not carefully reading and understanding the legal effect of the language, therefore the court would deny the relief sought. In a careful and exhaustive opinion by Justice Williams, this court said: "Where both parties are thus mistaken as to the effect of the writing and ignorant of its misstatement of the agreement, the failure of one to understand, through omission to read or give sufficient attention to its contents, can not avail as a defense to the other, equally in fault, against a suit to correct such mistake. Referring to this subject, the Court of Appeals of New York, in the first case above

cited (Savings Institution v. Burdick, 87 New York, 40), says: 'Indeed, in most of the cases to be found in the books, where relief has been sought against written instruments on the ground of fraud and mistake, the complaining parties were chargeable with the same kind of negligence which exists in this case, to wit, the omission to read or understand the contents of instruments executed or accepted. It has certainly never been announced as the law in this State that the mere omission to read or know the contents of a written instrument should bar any relief by way of a reformation of the instrument on account of mistake or fraud. It is the general rule that where a written instrument fails to conform to the agreement between the parties in consequence of the mutual mistake of the parties, however induced, or the mistake of one party and fraud of the other, a court will reform the instrument so as to make it conform to the actual agreement between the parties.' In most of the cases referred to, the provisions of the writings against which relief was sought were quite as plain as those of the instrument here involved.

"The mere fact, therefore, that Ward and his attorney failed to understand the writing according to its true legal effect, when the opposite party shared in the error, can not be held by this court as legally precluding him from relief."

The case now before the court is stronger in its equities than the case of Kelley v. Ward, in which the complaining party had not been misled. McLane introduced himself into a suit which was being prosecuted by the San Antonio National Bank, which did not involve his interests. He asked to be permitted to bring into that suit the question of foreclosure of a lien in which he and the bank were interested, and tendered as a basis for that request a plea of intervention containing a description of land which he alleged was that for which the notes were executed. The bank consented and amended its pleading so as to conform to McLane's statement, and confiding in him and his attorney procured the court to enter up a judgment in favor of both the parties in accordance with the request of McLane. The bank had a right to rely on McLane and his attorney, who were under obligation to make good the statement upon which they invited the bank to act, and there was nothing in the facts to excite investigation, either before or after the judgment was entered. By the invitation of McLane and through confidence in his statement the bank suffered an injury in the fact that its lien was foreclosed upon land which was not subject to it. No third person has acquired any rights in the property, McLane's rights are fully protected by the decree as reformed, yet he claims that plaintiff in error should be denied relief because it acted in accordance with the usual conduct of men in business affairs and accepted as true a statement made by an attorney in pleading which should have been true. There is no evidence in this case from which a conclusion of culpable negligence on the part of the plaintiff in error can be drawn; on the other hand, McLane, by undertaking to avail himself of the error which he caused, in order to

secure an advantage would perpetrate a fraud upon the bank. If McLane has an equity in this defense, it is not expressed in his pleading, nor does it appear in the evidence.

In reversing the judgment of the District Court and rendering judgment against plaintiff in error, the Court of Civil Appeals committed error for which its judgment is hereby reversed and the judgment of the District Court is affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*