MICHALKE v. BROWN et al.   (No. 5637.)

(Court of Civil Appeals of Texas.  San Antonio.  April 5, 1916.)

1. PAYMENT &#9758;89(4)—RECOVERY OF PAYMENT —PLEADING—SUFFICIENCY.

    A petition, alleging that plaintiff paid the same note twice by mistake of fact, after an investigation disclosing that suit was brought thereon, and that the plaintiff was under legal duress to pay the amount sued for, because a portion thereof was past due and unpaid, and a writ of garnishment had issued and funds belonging to plaintiff were impounded, is not subject to general demurrer.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. § 294; Dec. Dig. &#9758;89(4).]

2. PAYMENT &#9758;89(5)—RECOVERY OF PAYMENT —EVIDENCE—SUFFICIENCY.

    Evidence held to support a judgment for the amount of a promissory note alleged to have been paid a second time through mistake of fact.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. § 295; Dec. Dig. &#9758;89(5).]

3. PAYMENT &#9758;85(1) — RECOVERY — MISTAKE OF FACT.

    An overpayment of money may be recovered by the one making such payment under mistake of fact.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 272, 275, 279; Dec. Dig. &#9758; 85(1).]

Appeal from Bee County Court; T. M. Cox, Judge.

Action by W. C. Brown and another against H. R. Michalke. Judgment for plaintiffs, and defendant appeals. Affirmed.

John Baker and L. D. Stroud, both of Beeville, for appellant. W. G. Gayle, of Beeville, for appellees.

SWEARINGEN, J. Plaintiffs, W. C. and Guy Brown, alleged: That W. C. Brown executed a note for $76.89 payable to defendant, H. R. Michalke, dated November 14, 1911, and payable on or before January 1, 1912, together with interest at 10 per cent. from its date until paid. That on December 18, 1911, the wife of plaintiff W. C. Brown paid this note and received a receipt for the payment. That defendant, Michalke, on the 28th day of August, 1914, instituted a suit in the county court to recover judgment on four promissory notes alleged to have been executed by plaintiff W. C. Brown in favor of Michalke, and had a writ of garnishment served upon one R. B. Jones, who owed for corn alleged to have been purchased from W. C. Brown. W. C. Brown knew he had paid the note for $76.89, dated November 14, 1911, but was not sure the petition filed against him by Michalke August 28, 1914, declared upon this particular note dated November 14, 1911, and asked Guy Brown to investigate the facts. W. C. Brown instructed Guy Brown that if the petition did declare on the note of November 14, 1911, not to pay it a second time, but if the petition did not, then, to settle for the amount sued for. Guy Brown did investigate and came to the mistaken conclusion that the petition of August 28, 1914, did not declare upon the note of November 14, 1911, and, through this mistake of fact, paid the amount called for in the note a second time, together with interest on same up to the date of the second payment, September, 1914. After this second payment, defendant Michalke delivered to plaintiff Guy Brown the canceled note. Defendant Michalke did not surrender the canceled note when paid December 18, 1911, for the alleged reason that it was at the bank, but promised to get it and deliver it. This he failed to do until it was paid a second time, though requested to do so by plaintiff. When the note, canceled after its second payment, was examined by plaintiff W. C. Brown, the mistake of fact was discovered, and demand made for refund of amount of second payment, which being refused this suit was instituted. Up-

on the trial before the court without a jury, judgment was rendered in favor of plaintiff W. C. Brown against defendant Michalke. From this judgment Michalke made this appeal to this court after the trial court overruled his motion for a new trial.

The first assignment is that the court erred in overruling defendant's general demurrer to plaintiffs' petition. The proposition submitted is that appellees' petition, having failed to allege any facts showing that when W. C. Brown made the second payment to appellant the same was made by mistake or induced by fraud, misconduct, or duress on the part of appellant, was subject to general demurrer.

[1] The petition was not subject to a general demurrer, for it clearly alleges that the same note was paid by W. C. Brown to Michalke twice, and was paid the second time because Guy Brown, agent for W. C. Brown, after investigation at the request of W. C. Brown, mistakenly concluded that this second payment was not paid to settle the note which had been previously paid. Sullivan v. Owens, 78 S. W. 373. The facts alleged in the petition are sufficient to show that the second payment was made under legal duress, in this, that some of the indebtedness from W. C. Brown to Michalke sued for in August 28, 1914, was past due and unpaid. The suit was to recover on notes in addition to this note for $76.89, dated November 14, 1911. A writ of garnishment was issued and impounded funds belonging to plaintiff Guy Brown. Goodhue v. Hawkins, 133 S. W. 292.

[2] Appellant in his second and third assignments contends that the judgment is contrary to the evidence, in that the undisputed evidence shows that plaintiffs voluntarily paid a second time the note which was the basis of this suit, and at the time of payment had full knowledge of all the facts, and that plaintiffs were not induced to pay the same through mistake, fraud, or duress or any misconduct on the part of this defendant, Michalke. The evidence shows: That plaintiff W. C. Brown paid the same indebtedness a second time. That he had refused repeatedly to pay it the second time for the period of time from December 18, 1911, until August 28, 1914. That he instructed Guy Brown not to pay the indebtedness represented by this note a second time; to examine the petition in the suit filed August 28, 1914; to learn whether or not this particular item of indebtedness was declared upon in that petition. That Guy Brown made the investigation and through mistake of fact concluded that the petition did not declare upon this item of indebtedness.

[3] The mistake was discovered when the canceled note was finally delivered to plaintiff W. C. Brown. It is well settled in this state that overpayment of money may be recovered. City Bank v. Bank, 45 Tex. 203; Pulliam v. Pulliam (C. C.) 10 Fed. 73; Alston v. Richardson, 51 Tex. 6; Bank v. McLane, 96 Tex. 55, 70 S. W. 201; Tarrant County v. Rogers, 125 S. W. 594, § 3; Smith v. Norton, 133 S. W. 733; Sullivan v. Owens, 78 S. W. 373; Simpkins, Equity, p. 517, under that portion of the section entitled "Payments of Money under Mistake of Law," which treats of mistake of fact. Those decisions cited by appellant and cited in Simpkins on Equity, on page 521, are distinguished by that author from the ones above cited, and it is not necessary to discuss the distinction here.

The case mainly relied upon by appellants, apparently is that of Galveston Co. v. Gorham, 49 Tex. 279. Chief Justice Roberts, in the opinion in that case, draws the distinction between that case and this one as will appear from the following quotation:

"It is unlike a payment to an individual. It is contribution to a common fund, in the benefits of which he, as a citizen or property holder, participates. It is intended for immediate expenditure for the common good, and it would be unjust to require its repayment, after it has been thus, in whole or in part, properly expended, which would often be the case, if suit could be brought for its recovery without notice having been given at the time of payment; and there would be no bar against its insidious spring but the statute of limitations."

There are no reversible errors disclosed by the record.

The judgment is affirmed.