## Gulf, Colorado & Santa Fe Railway Company v. J. D. Kerfoot.
### No. 7473.

**Right of Way — Condemnation Proceedings — Practice.** — In two applications by the appellant railway company against the same person to condemn right of way through two tracts of land owned by appellee, the commissioners returned an assessment of the damages for the right of way through the two tracts in the aggregate.   The owner filed an objection to the report, insisting that the damages caused by the way through one of the tracts were largely in excess of the aggregate sum allowed.   On appeal to the District Court (the county judge having been disqualified) the appellant was allowed to amend his objections to the report of the commissioners, and allege the damages caused by the right of way through the other tract.   *Held*, that as the damages had been assessed in the aggregate, the first objection should be held sufficient to put in issue the damages to both tracts, and the amendment was properly allowed.

Appeal from Brown.   Tried below before Hon. J. W. Timmins.

· This is an appeal from a judgment for $1000 for right of way for ap‌pellant through two tracts of land. The commissioners allowed $125 in the aggregate. Appeal was taken by the land owner. The facts are given in the opinion.

*J. W. Terry*, for appellant.—The court erred in overruling plaintiff's exceptions to defendant's amended exceptions to award of commissioners, because said amended pleading of defendant sets up a new, separate, and independent cause of action, in this: In said amended pleading damages are claimed in the sum of $2000 for land appropriated by the Gulf, Colorado & Santa Fe Railway Company, out of two separate and distinct surveys of land, to-wit, the E. M. Pease one-third of a league survey and the Nathan Brookshire survey, while the original exceptions to award of commissioners sets forth a claim for damages in the sum of $1000 for land appropriated out of the E. M. Pease survey only, the other survey not being included in the appeal, and no appeal being taken within ten days as to said other survey. Morton v. Gordon, Dall., 396; Wynns & Lawrence v. Underwood, 1 Texas, 48; Able v. Bloomfield, 6 Texas, 263; Wharf Co. v. Railway, 72 Texas, 454; Rev. Stats., art. 4202.

*Thomas Maples* and *Bell & Drane*, for appellee.

GAINES, ASSOCIATE JUSTICE.—The appellant, on July 25, 1885, filed two applications with the county judge of Brown County to condemn a right of way over two tracts of land, known respectively as the E. M. Pease and the Nathan Brookshire surveys, each of which was alleged to belong to the appellee, J. D. Kerfoot, and F. H. Kerfoot. The same commissioners were appointed in each case, and though the applications were to condemn each tract separately, they rendered but one award, assessing the damage to both at $125 in the aggregate. Thereupon the appellee filed the following objection:

"Now comes J. D. Kerfoot, and excepts to the award of the commissioners appointed by the honorable judge of this court to fix the damage done him by the proposed taking of right of way for the road of the above named plaintiff over defendant's tract of land known as the E. M. Pease one-third league of land, because the sum of $125 awarded as compensation for such taking is wholly insufficient. Defendant says that he uses said tract of land as a sheep and horse ranch, and the right of way over the said tract as laid out by plaintiff runs through a corner of said tract and cuts off in the shape of a triangle about 150 acres of said tract, and renders the same entirely valueless to defendant, and by reason of its shape renders it of little value to any one else; that defendant's damages on a reasonable and fair estimate are not less than the sum of $1000."

On account of the disqualification of the county judge, the case was

transferred to the District Court, in which the judgment was rendered from which this appeal is prosecuted.

Before the case was called for trial the appellee was allowed to file an amended objection to the award, in which he complained, in substance, that the award was insufficient in amount, both as to the Pease survey and as to the Brookshire tract, and alleged that his damages amounted to $2000. This pleading was excepted to by the appellant, upon the ground, that since the appellee had failed to object to the award as to the Brookshire survey at the time it was made, it was too late to make objection as to that tract after the case had been brought to the District Court. The court overruled appellant's exception, and its ruling is assigned as error.

It may be conceded, that if the commissioners who awarded the damages had assessed the damage to each tract of land separately, the appellant should not have been permitted after an appeal to the court to so amend his pleading as to bring in review the action of the commissioners in assessing the damages to the tract to which no objection was originally filed. But here, although separate proceedings were instituted for the condemnation of the several tracts, it appears that the commissioners, without objection from either party, heard the two cases together, and assessed the damages to both in a single sum.

We are of opinion therefore, that the exception that was originally filed to the award, although it named only one tract, was in effect an exception to the entire assessment, and brought the whole case, as consolidated, before the court for review. If the amount awarded was not sufficient to cover the damage to the Pease survey alone, it followed that it was not sufficient to cover the damage to both.

The appeal from the award as to both tracts being before the court, we think it was not error to permit the appellee to amend his objection so as to make it more specific, and to enlarge the amount of damages claimed. It having become a case in court, we see no reason why the statute which permits pleadings to be amended should not apply to it.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered June 17, 1892.