R. W. GETZENDANER v. TRINITY AND BRAZOS VALLEY RAILWAY COMPANY.

Decided April 27, 1907.

**1.—Condemnation Proceeding—Mistake in Award and Judgment—Correction.**

In a proceeding to condemn two tracts of land for railroad purposes, by mistake only one of said tracts was described in the petition, which fact was unknown to any of the parties and the proceeding was conducted in all respects as for the condemnation of the two tracts; the award referred to the petition for description of the land condemned; the judgment was written accordingly; the defendant discovered the mistake, but remained silent and accepted the entire amount of the award, and thereafter denied the right of the railroad company to appropriate and use the tract omitted from the petition and judgment. Held, that a court of equity will correct the mistake and make the award and judgment show what they were in fact intended to show.

**2.—Same—Eminent Domain—Compensation.**

The conditional paramount right of the State to take private property for public use becomes absolute when compensation has been assessed or agreed upon in any manner, and is paid.

Appeal from the County Court of Ellis County. Tried below before Hon. F. L. Hawkins.

*Templeton & Harding*, for appellant.—The record in a cause can not be amended or corrected at a subsequent term except by reference to some entry upon the docket or memorandum found among the files. Missouri Pac. v. Haynes, 82 Texas, 456.

A party can not have a judgment corrected or amended at a subsequent

term of the court when the mistake was caused by his own negligence. Brownson v. Reynolds, 77 Texas, 254.

The mistake in the judgment in the condemnation suit being a judicial and not a clerical error, the judgment could not, at a subsequent term, be amended, but the remedy of appellee was by an original suit to reopen the case and dispose of the litigation on its merits, showing good excuse for the necessity of said action. Eddleman v. McGlathery, 74 Texas, 280.

The petition showing that the award became the judgment of the County Court at a regular term, and failing to show but that appellee discovered the mistake before the adjournment of the term, or why it did not move for a new trial or appeal, no cause of action was shown. Bomar v. Parker, 68 Texas, 440; Morgan v. Davenport, 60 Texas, 230; Spencer v. Kinnard, 12 Texas. 180; Vardeman v. Edwards, 21 Texas, 740; McGloin v. McGloin, 70 Texas, 636.

The petition not being verified by affidavit was subject to the general demurrer. Holliday v. Holliday, 72 Texas, 581.

Neither a court of law or equity will grant relief to a party to a judgment except upon a strict showing that a mistake from which the relief is asked did not result from the fault or negligence of himself or his counsel in the conduct and management of the original suit. Bomar v. Parker, 68 Texas, 440; Brownson v. Reynolds, 77 Texas, 254; Johnson v. Templeton, 60 Texas, 238; Bryorly v. Clark, 48 Texas, 345; Sayles' Texas Civil Practice (3d ed.), vol. 1, chap. 44, secs. 686-7-8, on subject "Bill for New Trial."

The record in the condemnation suit was regular in form and no error or mistake was apparent on such record and the court was powerless to alter, amend and enlarge the judgment after the close of the term, upon parol testimony showing a judicial error in the judgment of condemnation. Nicklin v. Robertson, 28 Oregon, 278; Rev. Stats., art. 1356; Missouri Pac. Ry. v. Haynes, 82 Texas, 448.

*Andrews, Ball & Streetman* and *Groce & Eskridge,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—The judgment appealed from in this case is based upon a petition filed by appellee as plaintiff below, on August 23, 1906, the material allegations of which were, upon the trial, found to be true, and the assignments in this court do not question the sufficiency of the evidence to sustain such finding.

The facts alleged are, in substance, that in 1906 appellee, a duly incorporated railway company, was engaged in constructing a line of railway in Ellis County, Texas, and needed, for this purpose, two tracts of land 7 60-100 and 10 63-100 acres respectively, in said county, and belonging apparently to appellant and others, field notes being set out, and was under the necessity of prosecuting condemnation proceedings to acquire such land, and undertook to institute and prosecute such proceedings. That through some mistake, field notes of only one of the desired tracts of land were furnished the attorney who drew the petition for condemnation, and such attorney not being conversant with all the facts, inserted in the petition only the field notes furnished him, omitting those of the desired 10 63-100 acre tract entirely. That upon the peti-

tion so drawn commissioners were duly appointed, who subsequently met, organized and proceeded to hear and determine the matters submitted to them. That at the hearing appellee was represented by counsel and appellant was present both in person and by counsel, and the other parties defendant having disclaimed, the hearing proceeded, without the petition having been read, and upon the belief and assumption of all parties, including the commissioners, that the hearing was for the determination of the matter of all damages to be suffered by reason of the condemnation for railway purposes of both said tracts of land. That evidence in respect to such damages as to both of said tracts, was submitted to and was considered by, the commissioners who, after due consideration, made their award to appellant of $925 for the damage to him by reason of the condemnation of both of said tracts of land, but believing both to be described in the petition for condemnation, in the written award made, the petition was referred to for description of the land in question, the intent, however, of the commissioners being that the sum awarded should cover the damages resulting from the condemnation and appropriation of both of said tracts of land.

It was further alleged, in substance, that the award above mentioned was filed with the county judge on May 7, 1906, and being satisfied with the same, and believing that both the tracts of land concerning which the commissioners had acted were described in the petition, plaintiff made no examination of the award, and did not discover the error in the petition and award until long after the time had expired within which exceptions could have been filed, but that appellant and his counsel did discover such errors before the time within which exceptions might have been filed elapsed, and that apparently appellant had been awarded $925 for the condemnation of the 7 60-100 acre tract alone, instead of, as he knew was intended, for damages resulting from the condemnation and appropriation of both said tracts. That with this knowledge and knowing the ignorance of appellee's counsel of such error, appellant wilfully and deliberately remained silent in regard to such errors, for the purpose of allowing such mistakenly drawn award to be made the judgment of the County Court, and in order that he might receive and appropriate to himself said sum of $925 as for the condemnation of the said 7 60-100 acre tract alone, when he knew that said sum was intended to cover damages resulting from the condemnation and appropriation of both tracts. That afterwards, to wit, on the 5th day of June, 1906, said mistakenly drawn award was entered upon the minutes of the County Court of said Ellis County as the judgment of said court, and even then appellee and its counsel did not discover the errors in the award and proceedings, but, still in ignorance of such errors, appellee, about the time of such entry paid to appellant the amount of such award, which he took and received knowing that it was paid under the mistaken belief that both said tracts of land had been duly condemned, and that the sum was paid as, and for, damages resulting from the taking of both; yet notwithstanding the receipt by him of said sum so awarded, under the circumstances shown, appellant, it was averred, was denying appellee's right to appropriate to its use said 10 63-100 acre tract of land, and was contesting appellee's right to construct its railway thereon, and was denying that the same had been legally condemned.

The other parties having disclaimed, the prayer was, in substance, that the record of said condemnation proceedings be reformed and corrected to conform to the facts, and to the intent of the commissioners and for general relief, etc., and the judgment rendered was in accordance with such prayer.

The petition was excepted to in that, first, the trial court was without jurisdiction to grant the relief prayed for; second, no cause. of action was stated; third, the proceedings was an effort to amend a judgment of a court in the absence of any paper or memoranda to amend by, and upon alleged facts aliunde the record; and fourth, it was apparent that the errors alleged resulted from the negligence of appellee and its attorneys, and not through any act of appellant. The exceptions were overruled and the court's action in this respect is made the basis of the first, second, third and fourth assignments of error. The propositions submitted under these assignments assert, in substance, that a judgment can be corrected, or amended, after the term at which it was rendered only by reference to some docket entry, or some written document, or memoranda on file; that it was evident the mistake complained of resulted from the negligence of appellee's agents, wherefore it was not entitled to relief; and, furthermore, it did not affirmatively appear that the mistake was not discovered before the expiration of the term at which the award was made the judgment of the County Court, and that the petition was not verified.

The proceeding is not, strictly speaking, a motion under the statute to correct a mistake, miscalculation or misrecital, etc., in the judgment, nor is it an application for a new trial, because the party applying therefor had been prevented by fraud, accident or mistake from fully presenting his case on the original hearing; but it was, and is, an equitable proceeding based upon a mutual mistake not apparent of record to correct and reform the record in a quasi-judicial proceeding, so as to make the record show what actually took place upon the hearing. (McLane v. Bank, 96 Texas, 55.) It sufficiently appeared that the appellee's attorneys did not discover the mistake in the judgment until after the term of court at which it was rendered terminated. The fact that the petition was not verified could not be reached by a general demurrer. The court did not err in overruling the exceptions to the petition.

The trial court found, as indicated by the judgment, that the facts did not show such negligence on the part of the plaintiff as would preclude the granting of the relief prayed for, and if the evidence fairly supports this finding the judgment in this respect will not be disturbed. The negligence which appellant asserts should preclude the granting of relief, is that in some unexplained way the field notes of one of the tracts of land sought to be condemned failed to reach the draftsman of the petition for condemnation, and were not therefore inserted in such petition, and that the commissioners appointed to condemn the land, knowing what land it was desired should be condemned, did not read the petition but all parties proceeded upon the mistaken belief that the petition described all the land to be condemned; evidence was introduced as to the damage to all the land and an award was made as to all, but the award, as drawn, upon the mistaken assumption that the land condemned was properly set out in the petition, referred to the petition for

a description of the land. These facts did not show such a violation of a legal duty as would justify a court of equity in refusing relief as against a party who was present at the organization of the commission, knew what was expected to be litigated before the commission, knew that they were to condemn all the land and knew that the award made by them was intended to cover the damages to both tracts of land, and knowing these facts subsequently received the award. (Kelley v. Ward, 94 Texas, 289.) While it is true, as contended by appellant that he did not cause the mistake, yet he knew of the mistake and accepted the award knowing that it had been made for the damages to both tracts of land and to permit him now to retain the money and object to the reforming of the judgment would operate as a legal fraud. This the court would not tolerate.

Under our system of government all citizens hold their property subject to the paramount right of the State to take, and appropriate it to public use, due compensation being first made. The conditional paramount right of the State to take becomes absolute when compensation has been assessed or agreed upon and is paid. Whenever the owner accepts as compensation a sum of money, whatever the amount, and however arrived at, his property to the extent of the taking is expropriated and appropriated to the use of the public. The question of compensation out of the way, he must yield to the inevitable. The State's right is to take or accept without a conveyance, hence, when compensation is adjusted and paid, no conveyance is necessary. (City of San Antonio v. Grandjean, 91 Texas, 434; Hartshorn v. Potroff, 89 Ill., 509; Grace v. Walker, 95 Texas, 41; Evans v. Gulf, C. & S. F. Ry., 9 Texas Civ. App., 126; Holland v. Spell, 42 N. E. Rep., 1014.)

Under the authorities above cited, if the commissioners who acted between the parties to this record had never been appointed by the county judge, but had been chosen verbally by the parties, and had acted, without making any record whatever of their proceedings, and had made a verbal award of a sum of money to appellant for his damages for the appropriation of the land concerning which they acted, and he had accepted such sum of money, the expropriation and appropriation of his land to the public use would have been complete, and under the facts shown in this record the paramount right of the State, acting through appellee, its instrument for the public benefit, has been shown, and appellee had the right to have the award made by the commissioners show what they intended that it should show.

As we view it, this is a case where in condemnation proceedings there were irregularities, but a hearing was actually had as to all the land sought to be condemned, and an award was actually made as to all. By mistake the written award was made to apply, apparently, to only one tract, but the defendant in condemnation proceedings knew that it was intended to apply to both, and with this knowledge accepted the sum awarded and this proceeding is to make the award, afterward entered as the judgment of the County Court, show what it was in fact intended to show. Since neither judgment nor conveyance is necessary to the complete right of the State to appropriate private property to public use, and the right is complete when compensation has been accepted, however the sum may have been arrived at, and the record of the pro-

ceedings is a mere matter of evidence, we fail to see upon what principle appellant can rightfully complain that the written award, the amount of which he voluntarily received, has been made to show what it was intended to show, and no more. His rights were at an end when he accepted the compensation awarded him, with the knowledge that it was intended to apply to both tracts.

We are of the opinion under the facts appellant is estopped from disputing appellee's right to so reform the award and judgment as to show the true facts and that both tracts of land were condemned by the commissioners.

Appellant also assigns as error the ruling of the court in admitting parol evidence to show the facts alleged in the petition. If there was a mutual mistake on the part of the parties to the record, or a mistake of one party and what would amount to a legal fraud on the part of the other, if such mistake is not corrected, we think parol evidence would be admissible to show these facts as a basis to correct the award and judgment and make the record speak the true facts. This was what the trial court sought to do by the admission of the evidence and we conclude his action in this respect does not constitute error. The judgment is affirmed.

*Affirmed.*