R. W. GETZENDANER v. TRINITY & BRAZOS VALLEY RAILWAY
COMPANY.

Decided March 5, 1910.

**Condemnation—Amendment of Judgment—Jurisdiction.**

A County Court would have the power to amend in August a judgment rendered in June before upon the award of commissioners in condemnation proceedings so as to embrace a certain tract of land which, by mistake of all the parties, was omitted from the judgment, and such amended judgment would be a bar to a suit by the original owner for the land omitted from the original judgment.

Appeal from the District Court of Ellis County.    Tried below before Hon. F. L. Hawkins.

*W. L. Harding* and *M. B. Templeton,* for appellant.

*Andrews, Ball & Streetman* and *Groce & Eskridge,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought to recover ten and sixty-three hundredths acres of land, or, in the alternative, its value and damages, alleged to be $1800. The railway company plead that, prior to April 17, 1906, it was engaged in the construction of a line of railway through Ellis County, and desired to appropriate for right of way purposes two certain tracts of land owned by the appellant, one tract being seven and sixty-one hundredths acres, and the other ten and sixty-three hundredths acres; that it was unable to agree with appellant in respect to the damages; and that on April 17, 1906, it began proceedings for condemnation thereof, intending to condemn both tracts, but in drafting the petition for condemnation only the small tract was mentioned or described; that it does not know why same was left out, but that the second tract of ten and sixty-three hundredths acres was not mentioned or described, being omitted through error or mistake. The county judge appointed commissioners upon said petition in the usual form, and said commissioners were duly sworn as provided by law to assess damages; that said commissioners, after giving notice, met and proceeded to hear the evidence; that the petition was not read, but that the railway company and the commissioners thereof thought both tracts were included therein, and heard evidence as to both tracts; appellant thought the same thing, was present but filed no pleadings and took no part in the proceedings; that commissioners awarded $925 damages and taxed appellant with cost, as the railway company had offered to pay more than the award; that the commissioners made written report to the county judge in due form, stating that they had assessed the damages to the land described in the petition at $925; that after the expiration of ten days, no objections having been filed, the railway company procured the award of the commissioners to be embraced in a judgment of the court in usual form, and deposited the award with the clerk, which was subsequently turned over to the appellant. The court found the above facts, and further

found that on August 23, 1906, railway company filed in the County Court, Ellis County, its petition setting up the omission of field notes of the ten acre tract of land, and asking the County Court to enlarge or amend its former judgment rendered June 5, 1906, so as to embrace the field notes of both tracts. The appellant was cited to appear, and did appear and plead to the jurisdiction of the court, which plea however was overruled and judgment of County Court rendered, embracing the field notes of the ten acre tract therein.

The trial judge further found that the appellant and his attorneys intended to file exceptions to the award of the commissioners and, within the time allowed by law, prepared to do so; when they, for the first time, discovered the omission of the field notes of the ten acre tract and, for this reason, did not file objections to said award; but after entry of judgment approving said award of the County Court, made June 5, 1906, said railway caused to be deposited with clerk of County Court a check in the sum of $925, which was delivered to appellant; that said appellant had knowledge at, the time of the fact that said judgment did not contain the field notes or any mention of the ten acre tract; that he was present at the award, with his attorneys, and filed no pleadings, and knew the commissioners in their award considered both tracts of land; that before the commissioners of condemnation the railway company had offered to pay the appellant seventy-five dollars per acre for said land and, the award being for less than that amount, the appellant was taxed with cost of proceedings amounting to about forty dollars; and that appellant made no representation to the railway company and did not act on his part more than is stated. The County Court amended its judgment so as to make it include both tracts of land, which judgment was upon appeal affirmed by this court. 43 Texas Civ. App., 66 (102 S. W., 161).

In the present case the trial court held that appellant was bound by the judgment of the County Court and that the same was a bar to a recovery in this case. The question presented is: Did the County Court have the power in August, 1906, to amend its judgment rendered in June, 1906, so as to embrace the ten acre tract of land? This question is fully answered in the affirmative in the opinion of this court rendered on the appeal from the judgment of the County Court amending its judgment so as to include both of the tracts of land condemned. We do not think it necessary to add anything to our former opinion. The judgment is affirmed.

*Affirmed.*

Writ of error refused.