RACHEL et al. v. BLAND et al.   (No. 1065.)

(Court of Civil Appeals of Texas.   Beaumont. Feb. 15, 1924.)

1. Judgment ⊜435, 441—May not be vacated after term except for fraud, accident, or mistake.

After the close of a term of court, its judgment can be vacated only on a showing of fraud, accident, or mistake.

2. Partition ⊜94(2)—Duty rested upon heirs with knowledge when partition report would be filed to keep advised and to object to filing of report.

Where, in proceedings to partition the property of an estate, plaintiffs knew that the commissioners intended to file their report and the court to receive it and act thereon on the last day of the term, and knew that at the most they could have only a short while in which to file their exceptions, the duty rested on them to keep advised as to developments and to file their exceptions after the filing of the report or to object to the filing of same on the ground that they would be deprived of the privilege of examining it to protect their interests.

3. Partition ⊜94(2)—Report of commissioners of partition not set aside because filed late on last day of term.

Heirs could not set aside report of the commissioners partitioning deceased's estate because filed at 9 p. m. on the last day of the term, where they knew that it was to be filed that day if possible, but failed to keep in touch with developments.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Suit by W. F. Rachel and others against D. C. Bland and others. From the judgment rendered, plaintiffs appeal. Affirmed.

Howth & O'Fiel, of Beaumont, for appellants.

Holland & Holland and D. C. Bland, all of Orange, for appellees.

WALKER, J. On the 2d day of February, 1922, during a special term of the district court of Orange county, Tex., an order was made in the estate of P. L. Bland, deceased, determining the respective interests of the heirs in the estate, appointing commissioners of partition and directing them to make partition thereof and to file a written report of partition "not later than the 11th day of February, 1922." The commissioners thus appointed entered upon the discharge of their duties, and, it being made to appear to the court that they would not be able to file their report within the time allowed, secured an order extending the time in which the report could be filed until Saturday, the 18th of February, the last day of that term of court. In the discharge of their duties, the commissioners had the parties at interest and their counsel before them at various times, and after due deliberation among themselves, and consultations with the parties at interest, made out their report, which was written for them by Judge D. C. Bland, one of the heirs, and filed by them about 9 p. m. on Saturday the 18th of February, the last day of court. Thereupon, the district judge, in open court, entered an order approving the report and making the same in all things the judgment of his court. The facts show, beyond dispute, that the judge held his term of court open for two days after all other business was disposed of for the express and only purpose of permitting the commissioners to file their report on the last day of the term. He announced from the bench that he was going to hold the court open until the report was filed.

Mr. Rachel and Mr. Kibbe, the husbands of two of the heirs of P. L. Bland, deceased, were in consultation during the last day with the commissioners, and knew that they were using all reasonable effort to complete their report and file it before court adjourned. In a general way Mr. Rachel and Mr. Kibbe knew what the report would be, what property would be allotted to their wives, and the facts on which the commissioners were making the partition. Counsel for Mr. and Mrs. Kibbe and Mr. and Mrs. Rachel knew that the commissioners were using all reasonable effort to file their report before court adjourned. They knew that the time for filing the report had been extended, and that the court had been held open for two days to receive this report. They made inquiry on the afternoon of the last day of the court to determine whether the report had been filed. Though counsel and their clients knew that the report would probably be filed, and that it was the purpose of the judge to receive the report, and that it would be filed only a few hours, at the most, before court adjourned by process of law, they entered no objection at that time to the court receiving the report, nor did they suggest to him

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that the report would be filed at a time too late for them to consider it, but, on the facts just stated, without objection on their part, permitted the commissioners to continue their deliberations, make out their report, file it, and the court to enter judgment thereon. When the report was filed at about 9 p. m. on the last day, the judge made all reasonable effort to locate counsel for Mr. and Mrs. Rachel and Mr. and Mrs. Kibbe before entering his judgment of confirmation, but was not able to do so. However, it appears that only a short while before the report was ready for filing counsel for Mr. and Mrs. Rachel met the judge on the street, but made no inquiry of him about the case, nor mentioned it to him in any way. After the adjournment of the term of court at which the report was filed, Mr. and Mrs. Rachel and Mr. and Mrs. Kibbe instituted this action against the other heirs of the estate of P. L. Bland, deceased, for the purpose of setting aside the judgment confirming the report of the commissioners of partition, urging that the report was unfair to them, in that they were not allowed a proper acreage in the partition of the lands, and that they were deprived of this interest in' certain very valuable lands.

On a trial to a jury, on the conclusion of the evidence judgment was instructed for appellees.

### Opinion.

[1] In our judgment, on the facts as stated by us, the court properly instructed a verdict in favor of the appellees. After the close of a term of court, its judgment can be vacated only on a showing of fraud, accident, or mistake. This court said, in Wagley v. Wagley, 230 S. W. 493:

"The rule is well established that judgment may be set aside by a direct suit brought for that purpose, upon a proper showing of fraud, accident, or mistake. It is also a fixed and rigid rule that such relief will not be granted unless the party seeking same can show that he was prevented from making a valid defense to the action in which the judgment was rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. Therefore, to entitle appellant to the relief he here seeks, the burden of proof was upon him to show that he was prevented from urging against the judgment of which he complains objections which would or ought to have prevented its rendition, and that this prevention resulted from fraud, accident, or the act of the adverse party, without fault or negligence on his part. Harn v. Phelps, 65 Tex. 597. It is not enough to show that injustice has been done, if it has, or that appellant had a good defense which he was prevented from making on the trial; he must further show that he has not been guilty of inattention, or negligence—he must show a clear case of diligence on his part. Johnson v. Templeton, 60 Tex. 238; Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986. Judgments may not be set aside simply because erroneous. The right to bring direct proceedings to vacate and set aside a judgment is not intended to be used as a means of review of its own final judgments, or to correct errors into which it may have fallen. That the judgment is erroneous, as a matter of law, is a ground for an appeal or writ of error, but it is not ground for setting aside the judgments. Black on Judgments, vol. 1, § 329."

[2, 3] There is not a scintilla of evidence in this case raising either the issue of fraud, accident, or mistake against the entry of the judgment confirming the report of the commissioners of partition. As we understand, appellants do not insist that any issue of accident or mistake was raised by them, but their main contention is that the report was filed so late they were deprived of the privilege of examining and excepting thereto. They cannot now be heard to complain that the report was filed too late to give them an opportunity to examine it with the view of filing exceptions against it. Knowing that it was the purpose of the commissioners to file the report and of the court to receive it and act thereon, and knowing that at the most they could have only a short while in which to file their exceptions, the duty rested on them to keep advised as to developments, and when actually filed by the commissioners to file their exceptions, or, knowing that the report was to be filed, to enter objections to the filing of the same on the ground that they would be deprived of the privilege of examining it with that degree of care necessary to protect the interests of their clients. They cannot plead surprise in the terms of the report, because these appellants knew in a general way what the report would contain before it was filed. They cannot complain of the late hour at which it was filed, because they knew from one of the commissioners as late as 5 o'clock that the report would be completed and filed, if possible. They have no ground of complaint because of the absence of their counsel. Counsel knew that the report was to be filed, and failed to keep in touch with the developments, and, in addition thereto, the court used all reasonable effort to locate them after the report was filed. There is not a scintilla of evidence in the record that appellees asserted or tried to assert any undue influence on the commissioners to favor them in the partition of the estate. If the partition was unfair to appellants, it clearly appears from this record, and, as we understand it, without controversy, that the very facts on which they now base their complaint were discussed with them by the commissioners before the report was finished, and that appellants offered no objection or criticism to the commissioners of their proposed action.

The judgment of the trial court is in all things affirmed.