**PETTY et al. v. MITCHELL et al.**

No. 4268.

Court of Civil Appeals of Texas.

Dec. 21, 1944.

Rehearing Denied Jan. 17, 1945.

S. M. Adams, of Nacogdoches, for appellants.

J. J. Greve, of Nacogdoches, for appellees.

MURRAY, Justice.

This is an appeal from a judgment of the district court of Nacogdoches County in favor of appellees against the appellants in a suit filed in the nature of a bill of review.

A partition suit was filed in December, 1943, in the district court of Nacogdoches County by some of the heirs of Dude and Mariah Thorn to partition 49½ acres of land belonging to the Thorn heirs. The appellants here were defendants in that suit. Citation was issued and served and some of the parties being sued, including the appellants here, consulted an attorney for advice as to the meaning and purpose of the suit and being advised that 16½ acres out of the Thorn land would probably be partitioned, such parties did not file any answer to the partition suit and did not appear for the trial. A judgment of partition was rendered by the court on December 21, 1943, commissioners were appointed and they filed their report February 11, 1944. On February 16, 1944, the court approved and affirmed such report of the commissioners. The appellants here filed no motion for new trial and such judgment became final.

On April 13, 1944, appellants here brought suit by bill of review, seeking to set aside the judgment of partition which had become final. The pleadings of the appellants consisted of an original petition containing some 10 pages of detailed allegations and a supplemental petition consisting of 3 additional pages. The cause was tried to the court without a jury and judgment was entered by the court denying the appellants relief and the appeal is from the judgment refusing to set aside the partition suit judgment which had become final.

The appellants alleged, and introduced testimony in support thereof, that the 49½ acres partitioned had been previously partitioned by a judgment in 1878; they alleged that only 19½ acres out of such piece of land was rightfully subject to partition in that suit; that the appellants had a good defense to said cause of action but were prevented from presenting the same to the court because of fraud on the part of the appellees. No facts were alleged nor proved which amount to fraud.

 The rule is well established that a judgment may be set aside by a direct suit for that purpose upon proper showing of fraud, accident or mistake. Such relief will not be granted, however, unless the party seeking such relief can show that he was prevented from making a valid defense to the action by fraud, accident or the act of the opposite party, unmixed with fault or negligence on his part. It is not enough to show that injustice has been done, if it

has, or that he had a good defense which he was prevented from making on the trial. He must further show that he was not guilty of inattention or negligence. He must show a clear case of diligence on his part. A judgment may not be set aside in this manner simply because it is erroneous. This right to bring direct proceedings to vacate and set aside a judgment is not intended to be used as a means of review of its own final judgment by a court, or to correct errors into which it may have fallen. That the judgment is erroneous, as a matter of law, is a ground for an appeal or a writ of error, but it is not ground for setting aside the judgment by a bill of review. Rachel et al. v. Bland et al.. Tex. Civ.App., 259 S.W. 230. See also Humphrey et al. v. Harrell et al., Tex.Com.App., 29 S.W.2d 963.

With the above authorities in mind, we believe that no error is presented by appellants in this appeal. The judgment of the trial court is affirmed.