**TEXAS ELECTRIC SERVICE COMPANY, Appellant,**

v.

**Harriett P. FAUDREE, Ind. and as Guardian et al., Appellees.**

**No. 5819.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 7, 1966.

Rehearing Denied Jan. 4, 1967.

**478**

Turpin, Smith, Dyer & Hardie and Max N. Osborn, Midland, for appellant.

Bullock & Neely and Tom Scott, Midland, for appellees.

## OPINION

CLAYTON, Justice.

Appeal from an order of the trial court sustaining a plea in abatement filed by appellees in a condemnation case brought by appellant. Appellees, defendants below, are Harriett P. Faudree, Individually and as Guardian of the persons and estates of the minors, Martha Ann Parks, Charlotte Jane Parks and Harriett Ellen Parks; Bill B. Faudree, husband of Harriett P. Faudree; and the minors, individually.

In November, 1964, the appellees entered into a surface lease agreement with Gulf Refining Company, leasing a three-acre tract to Gulf to be used for the erection and operation of a liquified petroleum gas products booster station. Thereafter, Gulf requested that appellant, Texas Electric Service Company, furnish to it electricity to operate the booster station. The utility, Texas Electric Service Company, for the purpose of securing a 50-foot right of way over appellees' land in order to construct its distribution line to the booster station, filed its Statement for Condemnation against appellees on April 15, 1965. Commissioners were appointed and on June 25, 1965 assessed damages at $1,000.74 for the strip of land to be used as a right of way, and provided ingress and egress for Texas Electric to be limited to that provided for Gulf Oil Company in its lease, phrased to fit an easement rather than a lease. Texas Electric, on June 29, 1965, appealed the award to the County Court and filed its First Amended Statement for Condemnation on August 31, 1965. Appellees then, on November 26, 1965 filed their answer and plea in abatement and motion to dismiss on the ground that the Gulf Refining Company was a necessary and indispensable party to the lawsuit, and had not been made a party to these proceedings.

Judgment was entered by the County Court sustaining the plea in abatement and holding that Gulf was a necessary and indispensable party to the suit, from which order appellants appealed. All other points raised by the appellees in their plea in abatement were overruled.

The appellant raised three points of error to the ruling of the court: First, that the court erred in holding that Gulf was a ne-

cessary and indispensable party to the condemnation suit because of contractual relations between Gulf and the appellees; second, in so holding because under the surface lease Gulf could not grant a right of way to appellant and had not attempted to do so; and third, in so holding because Gulf was to be provided service by appellants on the right of way to be obtained in the condemnation suit, whereas under the surface lease appellees retained the exclusive right to grant right of way to an electric utility company.

Appellant points out that since the court had sustained a plea in abatement, the cause was never tried on its merits and no evidence was offered with regard to the merits of the case. In support of its first point of error, appellant asserts that this is a condemnation case, statutory in nature under the provisions of Title 52, Art. 3264 et seq., of the Vernon's Ann. Texas Revised Civil Statutes, and permits a public utility to take land for a public purpose upon payment of compensation for the land taken. Appellant attacks the appellees' contention that Gulf should be made a party to the condemnation proceedings, despite the fact that the condemnation was instituted to provide electrical service to Gulf, and the surface lease under which Gulf is in possession gives it no right to grant a right of way to provide such services. The only other parties affected are appellees, who are made parties to the proceedings.

Since the surface lease has been referred to in connection with the plea in abatement, the pertinent parts thereof should be here quoted. The parts referred to are paragraphs 6(c) and 8 thereof, which read as follows:

"6.

\* \* \* \* \* \*

"(c) Lessee agrees to pay Lessor for all damage to any property of any kind, including, any building, residence or other structure, agricultural implements and equipment, water wells, livestock, shrubs, trees, grass, growing crops, the surface, fences and roads, and any and all of them, arising out of installing, maintaining and operating the booster station on the leased premises (except damages to the surface and grass within the boundaries of the leased premises) or as a result of the escape of any substance transported through any pipelines of Lessee. This obligation is unconditional and absolute, without regard to the negligence or degree of care exercised by Lessee. The obligation of Lessee to pay damages as aforesaid extends to operation within and outside the boundaries of the leased premises."

"8.

"(a) Lessee shall not sell or assign this lease or sublet said premises or any part thereof without first obtaining the written consent of Lessor.

"(b) This lease between Lessor and Lessee shall not confer upon any electric utility company or other utility company the right to extend service to the Lessee at the leased premises over and across or through the land adjacent to the leased premises, and no such rights shall be implied; it being understood and agreed that any utility company shall use for this purpose only such rights-of-way or licenses as may have been heretofore, or which may be hereafter, created or granted."

The judgment of the trial court, as stated, sustained the plea in abatement in so far as it was based upon the claim that Gulf was a necessary and indispensable party to the condemnation, but overruled the other grounds alleged in the plea in abatement. The matter of clearly defining and distinguishing necessary and indispensable parties has been undertaken by numerous authorities. The Supreme Court, in Royal Petroleum Corporation v. Dennis, 160 Tex.

392, 332 S.W.2d 313 (1960), in an opinion by Judge Culver, has this to say:

"Necessary parties to a suit are those who have or claim a direct interest in the object and subject matter of the suit and whose interest will necessarily be affected by any judgment rendered therein. Veal v. Thomason, 138 Tex. 341, 159 S. W.2d 472; Cook v. Pollard, 70 Tex. 723, 8 S.W. 512.

"The term 'necessary parties' has also been defined as 'persons who have such an interest in the controversy that a final judgment or decree cannot be made without either affecting their interests or leaving the controversy in such a condition that its final adjudication may be wholly inconsistent with equity and good conscience.' 67 C.J.S. Parties § 1, p. 890. This definition has also been accepted and applied in this jurisdiction. Fischer v. Rio Tire Co., Tex.Com.App., 65 S.W. 2d 751; Simmons v. Wilson, Tex.Civ. App., 216 S.W.2d 847; Jones v. English, Tex.Civ.App., 235 S.W.2d 238, wr. dism."

The following is taken from McDonald, Texas Civil Practice, 1965 Revised Volume I, sec. 3.23, p. 297:

"* * * Truly 'indispensable parties are only those whose interests could not be excluded from the terms or consequences of the judgment and leave anything, or appreciably anything, for the judgment effectively to operate upon, as where the interests of the absent party are inextricably tried in to the cause * * * or where the relief really is sought against the absent party alone * * *. [I]f there may be a viable judgment having separable affirmative consequences with respect to parties before the court, and the inquiry is concerned solely with the inequities, in the light of the total circumstances, resulting from the inability to affect absent interested parties, then such other parties should be defined as merely necessary, not indispensable.' * * * It is 'such an interest that it is necessary for the owner thereof to be a

party in order to enable the court to grant complete relief as between the parties before it.' "

In determining whether a party is necessary, the following is given in the same text, on page 300:

"* * * Four test questions often have been quoted:

'After first determining that [the] party is interested in the controversy, the court must [answer] the following questions * * *: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such a party, have no injurious effect on [his] interest * * *? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience?'

"If all four are answered 'Yes,' the party, though he be necessary, is not indispensable. If one or more are answered 'No', he is indispensable."

If this test is applied to the facts before us, all questions must be answered in the affirmative. The language of paragraph 8 of the lease agreement, previously quoted, clearly makes the interest of the absent party (Gulf) distinct and severable from appellees, parties to the suit, by withholding from Gulf any right to confer upon any utility company the right to extend services to Gulf over, across or through the land adjacent to the leased premises, but such utility company must use for such purpose only such rights of way or licenses theretofore or thereafter granted or created. Gulf could not be a necessary party to a lawsuit filed for the purpose of securing such rights of way or licenses, nor could it benefit therefrom.

If Gulf would be liable to appellees for any damages resulting from a condemnation of the right of way or ingress and

egress, under the terms of paragraph 6(c) of the surface lease quoted above, an issue of such liability would be apart from the issues provided for in the statutes on Eminent Domain and could not be included in the statutory provisions governing the subject.

In the case before us, the issue in the condemnation proceedings is the right of appellant to condemn part of appellees' land, and if so, the amount of compensation to be paid by appellant therefor. It is possible that under the terms of the surface lease agreement with Gulf, the latter may become liable in some amount to appellees. But this is not properly a part of the condemnation proceedings, nor does such consideration make Gulf an indispensable party to such proceedings.

Appellees have presented a "Reply Point" in reply to appellant's Points 1, 2 and 3 which deals with the court's decision that Gulf is a necessary party to the suit. We believe this contention has heretofore been adequately treated, without need of further consideration.

■ In Appellees' Cross-Point One, the claim is made that the trial court erred in overruling appellees' Motion to Dismiss on the ground that the Board of Directors of Texas Electric Service Company has never made a declaration of public necessity for the transmission line in question. Appellant claims this matter is not for consideration of the Commissioners, and had not been reached before the County Court since the plea in abatement was sustained before any evidence was offered on the merits. Cited in Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842, 846 (Tex.S.Ct., 1943) where it is said: "The sole authority given to the commissioners by the statute (Articles 3264–3265) is to hear the evidence, assess the amount of damages due the owner and file their decision with the county judge. They are not a court." See also 22 Tex. Jur.2d 89 § 17. We believe this Cross-Point One to be without merit.

■ In Cross-Point Two, appellees claim that the trial court erred in overruling appellees' motion to dismiss because this proceeding constitutes a collateral attack upon the prior order of the County Court in the surface lease matter. This is a proceeding instituted under the provisions of Title 52, Article 3264 et seq., relating to Eminent Domain. It cannot be successfully maintained that such a statutory proceeding is subject to, or controlled by, an action of a County Judge, especially when one of the parties to the condemnation proceeding here was not even before the court in its action with reference to the Gulf surface lease. This cross-point is overruled.

In their Cross-Point Four appellees call attention to the fact that in the Original Statement for Condemnation the appellant, paragraph 5, in addition to requesting a right of way easement on the strip of land for the power line, asked for the right of ingress and egress in this language: "Together with the rights of ingress and egress to and from said strip over and across Defendants' adjacent property." Appellees contend that the "adjacent property" of defendants consisted of a 36,000-acre ranch.

■ The Commissioners tried to confine the right of ingress and egress for the appellant Electric Service Company to that granted to Gulf in its surface lease, and appellant, in paragraph 5 of its First Amended Statement of Condemnation, sets out a proposed right of ingress and egress the same as that granted in the surface lease to Gulf. Appellees cite and quote from an opinion of this court in Texas Electric Service Company v. Linebery, 327 S.W.2d 657, 664 (Tex.Civ.App., 1959, dism.), where it is held:

"It was not within the province of the court below to limit the condemnor's right of ingress and egress over and across defendants' adjoining property to any particular route or particular portion of defendants' adjoining land; it being a legislative or political question, not a judicial one, and, therefore, not subject

to review by the courts. See 16 Tex.Jur. 395, sec. 125, and authorities cited."

The appellees take the position that the action on the part of the Commissioners in attempting to limit the "rights condemned" was a nullity. But certainly the appellees have no ground of complaint when the Commissioners confined the scope of ingress and egress to the same route approved by appellees in their surface lease with Gulf, and appellant was not harmed since it adopted this route in its amended Statement for Condemnation. If technically any error had been committed by the Commissioners in their award, we deem it harmless error. The action of the appellant seems to be approved in the case of State v. Nelson, 160 Tex. 515, 334 S.W.2d 788, 790 (S. Ct., 1960) cited by appellant, in which it was held that:

> "Subject to jurisdictional limitations, there is no reason why the rule which permits pleadings to be amended should not apply to the proceeding after it has become a case in court. See Gulf, C. & S. F. Ry. Co. v. Kerfoot, 85 Tex. 267, 20 S.W. 59. It is settled, for example, that the pleadings can be amended in the county court to set up additional grounds for attacking the award. Coastal States Gas Producing Co. v. Pate, 158 Tex. 171, 309 S.W.2d 828. Where the landowner will not be prejudiced, the condemning authority may also amend the description and abandon part of the land or rights which it had previously sought to condemn. Texas Power & Light Co. v. Cole, 158 Tex. 495, 313 S.W.2d 524."

We find nothing in the record before us to substantiate the claim of appellees in Cross-Point Three that the Commissioners failed to assess damages for the "rights condemned"; nor is there any evidence presented as to the damages incurred by appellees in the condemnation proceeding other than the $1,000.74 awarded by the Commissioners. Appellees' Cross-Points Three and Four, dealing with these matters, are overruled.

Having considered all points of error and cross-points presented to us, we have come to the conclusion that Gulf Refining Company was not a necessary and indispensable party to the proceedings as they come to us in this record, and that the trial court erred in holding them to be and sustaining the plea in abatement filed by appellees. We find no other error on the part of the trial judge, but we must reverse this cause and remand it to the County Court of Midland County, Texas, for a trial on the merits.

Reversed and remanded.