Raymond J. ROSE et ux., Petitioners,

v.

The STATE of Texas et al., Respondents.

No. B–3503.

Supreme Court of Texas.

June 27, 1973.

Rehearing Denied July 25, 1973.

Gordon L. Hollon, Edward C. Marion, Jr., Boerne, for petitioners.

Jack Peden, County Atty., Boerne, Edward F. Yarbrough, San Antonio, for respondents.

POPE, Justice.

The question presented is whether the county court of Kendall County had jurisdiction to entertain an action in equity to reform its earlier ministerial judgment rendered on an award in condemnation to which there were no objections. The court of civil appeals ruled that the failure by either party to the original condemnation proceedings to object to the award of the commissioners defeated the jurisdiction of the court of civil appeals and it dismissed the appeal by Rose, the condemnee. 482 S.W.2d 703. Rose contends that the effect of the dismissal is to leave standing the judgment of the county court which reformed the original judgment by adding an additional tract of land to the property described in the statement in condemnation, the award, and the ministerial judgment of the county court. Rose attacks both the judgment of the court of civil appeals which dismissed his appeal and the judgment of the county court which corrected its earlier judgment for condemnation. We reverse the judgment of the court of civil appeals which dismissed Rose's appeal; we affirm the judgment of the county court which reformed its earlier ministerial judgment.

In 1968 the State of Texas and Kendall County, hereafter called State, commenced negotiations with Rose and his wife to acquire two tracts of land out of the Rose ranch. One tract consisted of slightly more than 6.8 acres and another tract consisted of about .9 acre. The negotiations were unsuccessful, and on October 20, 1970, the State instituted condemnation proceedings. The statement in condemnation mistakenly described only the .9-acre tract. The commissioners' award was in the amount of $7,300 and it, too, described only the .9-acre tract. Neither Rose not the State filed objections to the award, so the county court rendered judgment on February 9, 1971, for that sum of money. The judgment again described only the .9-acre tract. The State deposited $7,300 in

the registry of the court and Rose drew it down on March 10, 1971. Rose later advised the county attorney that only one tract of land was described in the county court judgment. On June 17, 1971, the State and Kendall County instituted this suit for the purpose of reforming the county court's judgment of February 9, 1971, alleging that the 6.8-acre tract was mistakenly omitted from the statement in condemnation, the award and the judgment of the county court. Citation was issued and served upon the Roses in this new proceeding. The county court, after a trial, rendered judgment on October 26, 1971, reforming the original judgment to include both the .9-acre tract and the 6.8-acre tract.

Two questions are posed for consideration: (1) Did the county court have jurisdiction to entertain the action which the State instituted to reform the earlier ministerial judgment of the county court? (2) Did the State's proof support the judgment of the county court which reformed the earlier judgment of February 9, 1971? We answer both questions in the affirmative.

■ The nature of this action is of controlling significance. A judgment which a county court renders upon the basis of an award to which there have been no objections is the judgment of a special tribunal. Such a judgment is ministerial in nature and is the judgment of an administrative agency. It is not a judgment from which an appeal will lie. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935 (1958). It is not a judgment in a civil suit, because the proceedings did not reach the stage of "a case in court." Sinclair v. City of Dallas, 44 S. W.2d 465, 466 (Tex.Civ.App.1931, writ ref'd). In State v. Nelson, 160 Tex. 515, 334 S.W.2d 788 (1960), we recognized this difference, holding that once a condemnation proceeding becomes "a case in court" the trial becomes subject to the usual rules of civil procedure and the judgment

may be appealed. See Gulf, C. & S. F. Ry. Co. v. Kerfoot, 85 Tex. 267, 20 S.W. 59 (1892). We held in *Nelson* that a mandamus proceeding to compel the entry of a judgment in accordance with an award is a case in court. We also ruled that a suit by way of a direct action to set aside a judgment may also be entertained.

■ This action is one in the nature of a bill of review, and it is a civil suit. Such an action will lie to correct a judgment upon proof of fraud, accident, or mistake; Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819 (1936); Petty v. Mitchell, 187 S.W.2d 138 (Tex.Civ.App.1945, writ ref'd). The county court in this case grounded its judgment of October 26, 1971, correcting the earlier judgment, on mistake. See, Ramsey v. McKamey, 137 Tex. 91, 152 S.W.2d 322 (1941); San Antonio Nat. Bank v. McLane, 96 Tex. 48, 70 S.W. 201 (1902); Kelley v. Ward, 94 Tex. 289, 60 S.W. 311 (1901).

An example of a direct action to reform a ministerial judgment of the county court which was rendered upon an award to which there were no objections and to make it speak the truth of what all parties understood, is found in Getzendaner v. Trinity & B. V. Ry. Co., 43 Tex.Civ.App. 66, 102 S.W. 161 (1907, no writ). As in this case, one tract was mistakenly omitted from the statement in condemnation, but all parties and the commissioners proceeded upon the assumption that two tracts instead of one tract were involved. There was no objection to the award, but the award, was, in fact, based upon proof of damages to two tracts. The county court, as in this case, wrote its ministerial judgment to include only one tract under the mistaken belief of the parties that the statement and award included both tracts. The condemnor later brought an action in the nature of an equitable proceeding to reform the judgment, which omitted one

tract from the description in the judgment. The court reformed the judgment to make it conform to the true facts. The power of the court to reform the mistake in the former judgment of condemnation was reaffirmed in Getzendaner v. Trinity & B. V. Ry. Co., 59 Tex.Civ.App. 486, 126 S.W. 328 (1910, writ ref'd).

Rose relies upon State v. Nelson, 160 Tex. 515, 334 S.W.2d 788 (1960), and Stubblefield v. State, 425 S.W.2d 699 (Tex.Civ.App.1968, writ ref'd n. r. e.), for their statements and holdings that a county court may not enlarge the subject matter of condemnation by allowing amendments to pleadings which would include lands which were not described in the statement for condemnation. There are controlling differences between those cases and the present case. We have here a direct action in which the State as condemnor seeks relief from the county court in the exercise of its equitable powers, the reformation of a judgment which resulted from mutual mistake. This action concerns the power of the court to make a ministerial judgment speak what everyone thought it said from the beginning.

*Nelson* holds to the contrary of Rose's contention that a county court is wholly without jurisdiction over property which is omitted from the statement in condemnation. The statement for condemnation in that case correctly described a 6.7-acre tract. Following an award and objections to the award, the case was heard on appeal in the county court. On appeal the condemnor filed an amended pleading to add an additional .3-acre tract which had been omitted by a mistake in failing to describe part of an abandoned road. The parties agreed to the amendment. The court of civil appeals ruled that the county court lacked jurisdiction over the .3 acre because it was not included in the original statement and ruled that the county court's judgment was therefore void. This court reversed the court of civil appeals and per-

mitted the addition of the .3 acre of land, saying:

> Where the original statement contains a legally adequate description, the subject matter of the proceeding is not restricted to that which would be conveyed if such description were used in a deed but extends to all property and rights which under any possible construction can fairly be said to be involved. If the matter goes to judgment without amendment, the court should condemn only the property described in the statement. But when it develops during the trial on appeal that there are discrepancies in the description, the trial court has power to and should permit an amendment eliminating the same provided this can be done without material prejudice to the landowner. This assumes, of course, that the description as amended does not inject entirely new subject matter into the proceedings. We hold, therefore, that the amendment was properly allowed and that the county court did not exceed its jurisdiction in condemning the entire 7-acre tract.

■ We hold that the county court had jurisdiction to entertain the direct action in the nature of a bill of review to correct the ministerial judgment of the county court. See San Antonio Nat. Bank v. McLane, 96 Tex. 48, 70 S.W. 201 (1902); 3 Freeman, Law of Judgments § 1246 (5th ed. 1925); cf. Brunson v. State, 418 S.W. 2d 504 (Tex.1967).

This brings us to the merits of the State's suit to reform the county court's judgment of February 9, 1971. The evidence shows without dispute that both the .9-acre tract and the 6.8-acre tract were discussed in the preliminary negotiations, that the statement in condemnation was not read at the commissioners' hearing, that the testimony at the hearing related to 7.762 acres being condemned by the county, that there was no reference to any lesser

area, that the witness Bunker, who was an engineer with the Highway Department, displayed at the hearing a map showing the entire 7.762 acres, that the Roses were present at the hearing but were not represented by an attorney at that time, that the commissioners viewed the land accompanied by the Roses and others, that Bunker and Rose showed the commissioners the boundaries of the land being condemned, that the lands to be taken had been located by stakes but some of the stakes had been knocked down, that they could tell by looking that the lands consisted of about seven acres, that the commissioners first walked over the 6.852 acres and "then drove from where the land was to be taken down to where the easements were." It is clear that Rose and the commissioners knew that the 7.762 acres were involved in the condemnation proceeding.

The county attorney prepared a form of motion to withdraw the $7,300 on deposit in the registry of the court, and the trial court found as a fact that Rose accepted that sum "with full knowledge it was for both tracts of land . . . ." About two or three weeks later, petitioner Rose returned and had the following conversation with the county attorney:

> . . . He [petitioner Rose] said, "Jack your paper doesn't carry all of the land." He said, "The big tract of land was not included in there, six point eight five two acres." And I [the County Attorney] said, "Well, this was the first knowledge I had of it." That was when Mr. Rose, himself, told me that all of the land to be condemned had not been condemned. And I said, "Well, why don't you just give us a deed to it?" And he said, "Well, all right . . . ."

■ Mr. and Mrs. Rose did not testify. The trial judge found as a fact that "the hearing proceeded before said Commissioners without the petition having been read, and upon the belief of all parties, including

Commissioners, Defendants and Plaintiff, that the hearing was for the determination of the matter of value of the land and of all damages to be suffered by reason of the condemnation of both said tracts of land." The court also found that Rose accepted the $7,300 award "with full knowledge it was for both tracts of land while Plaintiff at least was ignorant of the fact that the judgment did not contain the field notes of the 6.852 acres." The findings are that the State was mistaken in its belief that both tracts were described in the documents and that Rose was either mistaken or accepted the award knowing that it was deposited to pay for both tracts but in truth was for only one. In either event, the findings support relief in equity to make the judgment speak the truth. See Conn v. Hagan, 93 Tex. 334, 55 S.W. 323 (1900); Henenberg v. Winn, 1 S.W.2d 432 (Tex.Civ.App.1928, writ ref'd).

We reverse the judgment of the court of civil appeals dismissing the appeal, reinstate the appeal, and we affirm the judgment of the county court.

STEAKLEY, J., dissented and filed opinion, in which DANIEL, J., concurred.

McGEE, J., dissented and filed opinion.

JOHNSON, J., not sitting.

STEAKLEY, Justice (dissenting).

State v. Nelson, 160 Tex. 515, 334 S.W.2d 788 (1960), says as I read the opinion, that the court may condemn only the property described in the statement of condemnation if the matter goes to judgment without amendment; but that an amendment correcting a discrepancy in the description, and which does not inject entirely new subject matter or materially prejudice the landowner, may be made prior to judgment. See also Stubblefield v. State, 425 S.W.2d 699 (Tex.Civ.App. 1968, writ ref'd n.r.e.). In my view, an otherwise

proper amendment may not be jurisdictionally accomplished in a so-called direct action in the nature of a bill of review to correct a judgment of the county court which conforms to the original and unamended statement.

DANIEL, J., joints in this dissent.

McGEE, Justice (dissenting).

I respectfully dissent.

The Petitioners, Raymond J. Rose and wife, Dolly Rose, are seeking relief from a judgment of the County Court of Kendall County signed on October 26, 1971 amending a final judgment of that court dated February 9, 1971.

On October 20, 1970 State of Texas and Kendall County filed an original statement in eminent domain seeking to condemn for highway purposes a 0.910 acre tract out of a larger tract of land owned by Rose. The 0.910 acre tract was correctly described by metes and bounds. After a Commissioners' hearing, the State was awarded title to the described 0.910 acre tract and Rose was granted damages in the amount of $7,300. Neither Rose nor the condemning authority filed objections to the award and the County Court of Kendall County entered judgment on February 9, 1971 based on the award of the Commissioners and again describing the 0.910 acre tract of land by metes and bounds. The award was deposited in the registry of the court and same, being the amount assessed by the Commissioners, was drawn down by Rose and title to the 0.910 acre tract was awarded to the State.

The jurisdiction of the County Court is limited to that property described in the petition in eminent domain. In Stubblefield v. State of Texas, 425 S.W.2d 699 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r. e.), a 7.33 acre tract was described in the petition for condemnation but wholly failed to describe an additional .14 acre tract.

Judgment in favor of the State covering both tracts was held to be erroneous. The court said:

> "Section 1 of Vernon's Ann.Civ.Statutes, Art. 3264, provides that the statement in writing required to be filed by the party desiring to condemn real estate 'shall describe the land sought to be condemned.' It has been held that 'if this be not so done as to identify the land to be taken, the jurisdiction of the tribunal having power to condemn never attaches.' Parker v. Ft. Worth & D. C. Ry. Co., 84 Tex. 333, 19 S.W. 518, 519; Wooten v. State, 142 Tex. 238, 177 S. W.2d 56." See also, State v. Nelson, 160 Tex. 515, 334 S.W.2d 788 at 790.

Obviously, jurisdiction attached only to the tract properly described. It should be noted in the *Stubblefield* case that the Commissioners did describe both tracts in the award that it filed. In this regard, it would be a stronger case than the one under consideration here.

The entry of the judgment based on the award was a ministerial act. As noted in Pearson v. State, 159 Tex. 66, 315 S.W.2d 935 (Tex. 1958), it is stated:

> "A condemnation proceeding is not within the general jurisdiction of the county court as defined by Art. 5, Sec. 16 of the Constitution, V.A.C.S., and Articles 1949 and 1950 of V.A.C.S.
>
> "The jurisdiction of the court over such matters is special and depends upon the provisions of Art. 3266 quoted above which were enacted by the Legislature pursuant to its authority under Art. 5, Sec. 22 of the Constitution."

Objections must be filed with the County Judge on or before the 1st Monday following the 20th day after the award of the Commissioners is filed, else the jurisdiction of the County Court, as a court, never comes into active existence. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926); City of Big Spring v. Garlington, 88 S.W.2d 1095 (Tex.Civ.App.—Eastland

1935, n.w.h.); Sinclair v. City of Dallas, 44 S.W.2d 465 (Tex.Civ.App.—Waco 1931, ref'd); Fitzgerald v. City of Dallas, 34 S.W. 2d 682 (Tex.Civ.App.—Dallas 1930, ref'd); Hardy v. Throckmorton, 62 S.W.2d 1104 (Tex.Civ.App.—Eastland 1933, n.w.h.); and Rayburn, Texas Law Of Condemnation, Ch. III, Sec. 24(1)(2) and Ch. IV, Sec. 33 and 34(1). I therefore submit that the judgment of February 9, 1971 became a final judgment. The Petitioner was entitled to draw down the money placed in the registry of the court, and the court performed its ministerial duty in entering a judgment based on the award of the Commissioners and awarding title to the 0.910 acre tract to the State of Texas.

On June 17, 1971, more than four months after the final judgment of February 9, 1971, the State filed a pleading designated as a Motion Requesting Court to Amend Its Judgment. For the first time, by way of pleading, the State seeks to condemn an additional 6.8 acre tract alleging that the description of this tract was mistakenly omitted from the original statement in condemnation, the award, and the judgment of the court. Citation was issued and served upon the Roses in this new proceeding. The County Court, after a trial, rendered judgment on October 26, 1971 reforming the original judgment to include both the 0.910 acre tract and the 6.8 acre tract. In Pearson v. State, supra, we held that a party claiming prejudice under a ministerially entered judgment has a remedy by mandamus proceeding as well as a direct action. Inasmuch as citation was obtained under this motion to reform the judgment, I agree that the proceeding became a case and that the court of civil appeals and this court have jurisdiction to review the correctness of the action of the County Court at Law in attempting to reform its final judgment.

The majority opinion treats this Motion Requesting Court to Amend Its Judgment as a bill of review. If we consider the State's Motion to Correct Judgment as a bill of review, then such a motion must

**450**

also fail as to the second tract. This is obviously because of our holding in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W. 2d 996 (1950), wherein one of the requirements for maintenance of a bill of review is that the party seeking relief is free from negligence. The County Attorney in this case was guilty of negligence as a matter of law in failing to describe the additional tract if in fact it was his intention to do so. He failed to include the second tract in the original petition in condemnation, in the award of the Commissioners, in the judgment based on the award of the Commissioners, and in the application to draw the money down.

In McDonald, Texas Civil Practice, Sec. 18.27 (1971), it is stated that:

"Implicit in each of the grounds of relief noted . . . in the idea of fraud or accident or mistake . . . is the requirement that the petitioner show that he exercised due diligence to prevent the rendition of the judgment under attack. An injustice in the former decree is not enough, without more: the party's failure to present his claim or defense must not have resulted from neglect of himself, his agent, or his counsel. The standard of care is 'such as prudent and careful men would ordinarily use in their own cases of equal importance.' Negligence of the complainant, his agent or counsel, not induced by any act of the opponent, is therefore ordinarily fatal to the action."

It should be noted that Petitioners were not represented by counsel in the original condemnation proceeding and the record is silent as to any action on their part that would mislead condemning authority's attorney.

This court should hold the original judgment of the County Court to be valid and the second judgment attempting to amend said judgment to be void; such holding, however, would be without prejudice to the right of the State to condemn the larger tract if it so desired.